UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
MANDEL BROCK,

                Plaintiff,

  -against-

THE CITY OF NEW YORK, NYPD, MICHAEL R.
BLOOMBERG, RAYMOND W. KELLY,
Detective Windsor of the 77th Precinct in Brooklyn, NY,
John and Jane Doe 1- 113

                Defendant(s)
------------------------------------X

**CV 13 6311**

Index _____

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

COGAN, J.

RECEIVED NOV 13 2013 PRO SE OFFICE

Plaintiff Mandel Brock, as and for his Complaint, hereby allege as follows:

### PARTIES, VENUE and JURISDICTION

1. At all times hereinafter mentioned plaintiff Mandel Brock, a black adult male, was a resident of New York County, within the State of New York.

2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

3. At all relevant times hereinafter mentioned, defendant Detective Windsor whose tax number is unknown, was employed by and acting on behalf of the City of New York as a member of the NYPD. Detective Windsor is sued herein in his individual and official capacities.

4. At all relevant times hereinafter mentioned, defendant Michael R. Bloomberg, whose tax numbers are presently unknown, was employed by and acting on behalf of the City of New York as the Mayor of New York City and whose stance on the discriminatorily repulsive act of "stopping and frisking"

blacks and latinos is widely known through his public statements to the media in the form of television, radio, and newspapers regarding the "stop and frisk" practice. Michael R. Bloomberg is sued herein in his individual and official capacities.

5. At all relevant times hereinafter mentioned, defendant Raymond W. Kelly, whose tax and shield numbers are presently unknown, was employed by and acting on behalf of the City of New York as a member of the Commissioner of the NYPD and whose stance on the discriminatorily repulsive act of "stopping and frisking" blacks and latinos is widely known through his public statements to the media in the form of television, radio, and newspapers regarding the "stop and frisk" practice. Raymond W. Kelly is sued herein in his individual and official capacities.

6. At all relevant times hereinafter mentioned, defendants John and Jane Does 1- 113 are individuals whose identity is not presently known to plaintiff and who were employed by and on duty with the City of New York as members of the NYPD. John and Janes Does 1-6 are sued herein in their official and individual capacities.

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

8. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Southern District of NewYork, where the plaintiff and defendant City of New York reside, and where the actions complained of herein occurred.

## RELEVANT FACTS

1. At all relevant times herein, plaintiff resided in an apartment at 58 Mother Gaston Boulevard, #3, Brooklyn, NY [11233] (the "premises").

2. On or about August 18, 2012, at or about 5:30 p.m., the Plaintiff, Mandel Brock, was leaving court in Manhattan Criminal Court, on an unrelated charge, when he was informed that there was an icard or ecard, which is actually a non-judicial, unconstitutional, and illegal arrest warrant issued by Detective

Windsor of the 77th Precinct in Brooklyn, NY.

3. Plaintiff was then refused legal representation when requested and was told that the Detectives only wanted to talk to him.

4. Plaintiff stated that he did not want to talk to them and wanted to leave. He was told that the Detective had put a hold (non-judicial warrant) on him and he could not leave.

5. Plaintiff asked what the charges and was refused any answers.

6. Plaintiff was not engaged in any criminal or unlawful conduct nor was there any reasonable basis to believe that he was engaged in any such conduct.

7. At or about 9:30 p.m. two plain clothes NYPD officers arrived and informed Plaintiff that he was under arrest for a violation of an order of protection in Brooklyn, NY.

8. Upon transportation to the 77th precinct in Brooklyn, Plaintiff, Mandel Brock, was placed into a cell and told to wait.

9. Detective Windsor arrived the next morning at approximately 10:00 a.m. and told that he was being arrested for violating an order of protection by calling the complainant's house and leaving threatening messages.

10. Plaintiff, Mandel Brock, informed defendant Detective Windsor that the house he was accused of calling was not the complainant's house but someone else's and that if he continued with this "unlawful arrest" that he would be liable for damages.

11. Defendant, Detective Windsor, stated: "well do what you gotta do but my hands are tied."

12. In any event, Detective Windsor, as a detective of the NYPD who was hired and then promoted to that position was under an obligation to "investigate" before he, the defendant, issued a "non-judicial warrant to seize the person of Mandel Brock and deprive him of his liberty" yet defendant, Detective Windsor, failed and / or refused to perform the duties of his position and thereby violated the rights of Plaintiff, Mandel Brock, with full knowledge of doing so.

13. Even if the Plaintiff, Mandel Brock, was guilty of said crime the very least that Detective Windsor should have done was investigate the facts of the allegations. Investigate whether the complainant, Dainna A. Joseph, actually lived at the alleged place that she alleged Mandel Brock had called.

14. Instead of investigating, Detective Windsor issued a non-judicial arrest warrant, usurping the powers of the court and thereby violating the Constitutional Rights of Mandel Brock.

15. Thereafter District Attorney declined to prosecute and Mandel Brock was released after having endured unnecessary and unlawful imprisonment and mistreatment.

16. John Does 1-8 intentionally and deliberately gave false statements, failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

17. Defendants' continued action are designed to violate the rights of those of African descent.

18. That at all times relevant herein, the defendants, including the Doe defendants, were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

19. During course of the illegal and warrantless arrest claimant forcibly kidnapped and/or seized, transported to another location against his will, and held in custody by members of the NYPD. All the actions engaged in by the NYPD and its members were carried out without any lawful basis or justification, or any reasonable basis to believe that such conduct was lawful or justified.

**FIRST CAUSE OF ACTION**

20. Plaintiff repeats the allegations contained in paragraphs "1" through "19" above as though stated fully herein.

21. The individual defendants willfully and intentionally issue and authorize a non-judicial, unconstitutional, and illegal arrest warrant and then seized searched, imprisoned and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

22. Plaintiff was aware of and did not consent to his confinement.

24. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the First, Fourth and Fourteenth Amendments of the United States Constitution.

25. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the loss of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

26. Plaintiff repeats the allegations contained in paragraphs "1" through " " above as though stated fully herein.

27. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

28. Defendant was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

34. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the loss of liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

35. Plaintiff repeats the allegations contained in paragraphs "1" through "45" above as though stated fully herein.

36. The defendants' policy concerning the issuing of these unlawful non-judicial warrants is primarily directed at people of color, particularly Black and Latino men and women.

37. Because the defendants' policy targets citizens based on race and ethnicity, it is unconstitutional on its face and deprives the citizenry of New York, and plaintiff in particular, of equal protection under the law in violation of his constitutional rights. By reason thereof, defendants have violated 42 U.S.C. §§ 1981 and 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the loss of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, plaintiff demands judgment against defendants jointly and severally as follows:

i. on the first cause of action actual and punitive damages in an amount to be determined at trial;

ii. on the second cause of action actual damages in an amount to be determined at trial;

iii. on the first cause of action actual and punitive damages in an amount to be determined at trial;

iv. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988, disbursements, and costs of this action; and

v. such other relief as the Court deems just and proper.

Dated: November 13, 2013; Brooklyn, New York

By: Mandel T. Brock © , *Sui Juris*
*In Propria Persona, Without Prejudice, Under Protest*
58 Mother Gaston Boulevard, #3
Brooklyn, New York [11233]
347-715-8504