**C/M**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MANDEL BROCK,

Plaintiff,

- against -

THE CITY OF NEW YORK; NYPD; MICHAEL R. BLOOMBERG; RAYMOND W. KELLY; DETECTIVE WINDSOR of the 77th Precinct in Brooklyn, New York; JOHN AND JANE DOE 1-113,

Defendants.

**DECISION AND ORDER**

13 Civ. 6311 (BMC) (RML)

**COGAN**, District Judge.

Plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983 against the City of New York, its police department, Mayor and Police Commissioner, a detective with the New York City Police Department ("NYPD") and one hundred thirteen Doe defendants, alleging various violations of his constitutional rights during his arrest for the violation of an order of protection on August 18, 2012. Plaintiff seeks actual and punitive damages. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this order. His claims against defendants Mayor Bloomberg, Police Commissioner Kelly, the NYPD and the City of New York and the 113 John and Jane Doe defendants are dismissed, but the complaint may proceed against Detective Windsor as set forth below.

## BACKGROUND

Plaintiff alleges that on August 18, 2012 at 5:30 p.m. at the Manhattan Criminal Court, plaintiff was informed by Detective Windsor of the 77th Precinct that there was an "ecard" or an "icard" (defined by plaintiff as a non-judicial arrest warrant) on him and he could not leave. At around 9:30 p.m., two other NYPD officers arrested plaintiff for a violation of an order of protection in Brooklyn, New York and he was transported to the 77th Precinct in Brooklyn. Plaintiff alleges that Detective Windsor failed to investigate the crime with which plaintiff was charged, and, if he had, he would have learned that "the house that he was accused of calling was not the complainant's house but someone else's." Plaintiff states that the "District Attorney declined to prosecute" and he was released. Plaintiff alleges that the false arrest was baseless, violated his constitutional rights and is part of a policy of issuing "unlawful non-judicial warrants . . . primarily directed at people of color, particularly Black and Latino men and women."

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court construes plaintiff's *pro se* pleadings liberally particularly because they allege civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead

"enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

## DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to maintain a claim under 42 U.S.C. § 1983, plaintiff must allege that (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

### A. Claims against Defendants Bloomberg, Kelly, and John and Jane Does

It is well-settled that as a prerequisite to a damage award under 42 U.S.C. § 1983, a plaintiff must allege that the defendants were directly or personally involved in the alleged constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citations omitted). Here, plaintiff fails to make any allegations against defendants Police Commissioner Kelly or New York City Mayor Bloomberg that could suggest they had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights. Plaintiff's

claims against these defendants, as presently stated, can therefore be supported only on the basis of *respondeat superior* or vicarious liability. Vicarious liability, however, is inapplicable to § 1983 suits; plaintiffs must show that a supervisory "official's own individual actions" subject him to liability. See Iqbal, 556 U.S. at 676-77 (rejecting the argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution"). Therefore, since plaintiff has failed to state a claim against defendants Police Commissioner Kelly or Mayor Bloomberg, the claims against these defendants are dismissed.

Furthermore, plaintiff has failed to state any facts against the 113 John and Jane Doe defendants. Should plaintiff have a basis to proceed against a John or Jane Doe defendant, he may seek leave to file an amended complaint and provide facts to support a claim against any such defendant.

**B. Claims against the City of New York and the NYPD**

In order to sustain a claim for relief under § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658 (1978); see also Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823–24 (1985). Plaintiff names the City of New York as a defendant to this action because it "acts by and through its agencies, employees and

agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees." He alleges, that the "defendants," without specifying which defendants, have a policy of issuing unlawful non-judicial warrants and that they "target citizens based on race and ethnicity." Even interpreting these allegations to raise the strongest arguments that they suggest, the Court finds that plaintiff has not stated a Monell claim against the City of New York. The complaint does not include any facts demonstrating the existence of a policy or custom; rather, it only extrapolates from plaintiff's single detention by defendant Detective Windsor on August 18, 2012 pursuant to a "nonjudicial warrant" that a policy exists regarding their utilization in a discriminatory manner. "A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy." Campbell v. Giuliani, No. 99 Civ. 2603, 2000 WL 194815, *5 (E.D.N.Y. Feb. 16, 2000) (citing Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)). Although plaintiff does not need to prove his claims through his pleadings since much of the proof is developed in the discovery process, a § 1983 complaint cannot stand on the basis of vague and conclusory assertions. McDermott v. City of New York, No. 94 CV 2145, 1995 WL 347041, at *6 (E.D.N.Y. May 30, 1995). Therefore, plaintiff's claims against the City of New York are dismissed.

Moreover, plaintiff cannot proceed against the NYPD. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. That provision has been construed to mean that New York City departments and agencies, as distinct

from the City itself, lack the capacity to be sued. Ximines v. George Wingate High Sch., 516 F.3d 156, 160 (2d Cir. 2008). Therefore, the claims against the NYPD are dismissed.

**CONCLUSION**

Accordingly, plaintiff's complaint against defendants New York City, the NYPD, Mayor Bloomberg, Police Commissioner Kelly and the 113 John and Jane Doe defendants is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue as to these defendants.

Plaintiff's complaint against defendant Detective Windsor may proceed. The Clerk of the Court is directed to issue a summons against defendant Detective Windsor of the NYPD's 77th Precinct and the United States Marshals Service is directed to serve the complaint and this Order on the defendant without prepayment of fees. A courtesy copy of the same documents shall also be served on the Corporation Counsel for the City of New York, Special Federal Litigation Division. The case is referred to the Honorable Robert M. Levy, United States Magistrate Judge for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444 (1962).

**SO ORDERED.**

Digitally signed by
Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
November 21, 2013